
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10307 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00404-SBA-1 |
| v. | |
| JERRY ERVIN BUTTNER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted May 9, 2011[**]
San Francisco, California

Before: GOULD and M. SMITH, Circuit Judges, and MARBLEY,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Algenon L. Marbley, United States District Judge for
the Southern District of Ohio, sitting by designation.

Defendant-Appellant Jerry Buttner appeals a judgment following a jury verdict convicting him of unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court imposed a 77-month sentence. Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issue raised on appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Buttner's sole argument on appeal is that the district court erroneously admitted into evidence a firearm registration report generated by the Automated Firearms System (AFS) database maintained by the California Department of Justice. We disagree.

The AFS report falls under the public records exception to hearsay. *See* Fed. R. Evid. 803(8). That exception allows for the admission of "the sundry sorts of public documents for which no serious controversy ordinarily arises about their truth, and it would be a great waste of time to have the person who created them come to court and testify, such as birth certificates, death certificates, judgments, licenses, and the like." *United States v. Orellana-Blanco*, 294 F.3d 1143, 1150 (9th Cir. 2002). The firearms report was generated from data that the California Department of Justice keeps "pursuant to duty imposed by [the California Penal Code]." *See* Fed. R. Evid. 803(8). Specifically, the Penal Code requires firearms

2

dealers to transmit basic identifying information about the firearm and its purchaser to the California Department of Justice, which the Department stores in the AFS database. *See* Cal. Penal Code §§ 12076(a)(1), 12077(b). This "ministerial, objective, and nonevaluative" record-keeping raises no hearsay concerns. *See United States v. Wilmer*, 799 F.2d 495, 501 (9th Cir. 1986) (citation omitted).

The AFS report was self-authenticating under Federal Rule of Evidence 902(4). The report bore an official seal and was certified as genuine by a custodian from the Antioch Police Department.

Finally, any error in admitting the firearms report was harmless given the significant additional evidence of Buttner's possession. Not only did the government present evidence that a handgun was taken from Cebuano's home around the time Buttner stayed there and that Buttner possessed a gun at his sister's residence one week prior to his arrest, but at the time he was apprehended, police officers witnessed Buttner reach into the grill where a handgun was secreted. The question of Buttner's possession is beyond dispute, and his conviction and sentence are **AFFIRMED.**